### DEDMON v. MORRIS MFG. CO. et al.

Circuit Court of Appeals, Ninth Circuit. May 20, 1929.

No. 5669.

M. S. Hamilton, of Oakland, Cal., and A. W. Boyken, of San Francisco, Cal., for appellant.

Percy S. Webster, of Stockton, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree discharging a show cause order and refusing to adjudge the defendant guilty of contempt for violating an injunction in a patent infringement suit. The decree in the original suit enjoined and restrained the defendant from making, using, or vending "any articles, or devices or card display receptacles having a flexible back wall and a flexible transparent front wall with a pair of members along opposite edges of the back wall to hold the front wall in a

selected position therein, to receive a card between the front and back walls, and having the remaining opposite sides of the back wall extended beyond the corresponding edges of the flexible transparent front wall to be overlapped over the edges of said front member and to close the space between the front and back walls to prevent displacement of the display card, said end projections of the back wall having straps thereon adapted to overlie the front wall to removably secure the front and back walls in flexed position around a cylinder member, containing, embodying, or employing the said invention and improvements granted by the letters patent, and particularly claimed in the claims 1, 2, 4, and 5 thereof." It will be observed that the decree is a very narrow one. Why it was made so, we need not inquire. It was entered by consent, and perhaps it was deemed necessary to confine the invention within these narrow limits in order to uphold the patent. But, whatever the reason, we must accept the decree as we find it.

An examination of the device or card display receptacle manufactured and put out by the appellee discloses the fact that the opposite sides of the back wall do not extend beyond the corresponding edges of the flexible transparent front wall, and, inasmuch as these extensions are an essential part of the device or receptacle described in the decree, there has been no violation of the injunction.

Decree affirmed.